## Dohl and Neilsen Marriage License

*William W. Knox*, for petitioners.

ROBERTS, P. J., July 16, 1956.—This matter is before us on exceptions to our order of April 20, 1956, dismissing petition for correction of marriage license record.[1] The court refused to exercise its equitable

---

[1] The petition alleges that petitioner in his application for marriage license on December 24, 1934, intentionally misstated his name, his occupation, his place of birth, his residence, his father's name and failed to disclose that he had been previously married and divorced. The petition also alleges that the misstatements were intentionally made in order to conceal the impending marriage from the wife's father.

powers to correct the false marriage license record created by petitioners' intentional misstatements given in the application for marriage license. Affirmative relief was denied petitioners because they did not come within the scope of the maxim, he who seeks equity must do equity and come with clean hands.

It is of the utmost importance and in the public interest, that marriage, birth and similar vital records be accurately prepared and maintained. Petitioners, as applicants for a marriage license, were legally obliged to supply truthfully and correctly the information required; instead, they knowingly gave fictitious information and deliberately established a false record. While this court may, in the exercise of its equitable discretion, and in the interests of justice, correct its own records in order to protect parties from the effects of their own mistakes or errors, such relief is not available to petitioners who deliberately and intentionally did inequity to the integrity of the record they falsified. In this instance, therefore, we have no choice but to leave petitioners in the position they voluntarily placed themselves. To do otherwise would be contrary to public policy and adverse to the Commonwealth's interest in the accurate preparation and proper maintenance of such records. It would also constitute a form of judicial acquiescence in petitioners' falsification. This we refuse to do. Under our statute, the record of marriage in the office of the clerk is only prima facie evidence of the marriage; its evidentiary value as such should remain. See Act of June 23, 1885, P. L. 146, sec. 6, 48 PS §9, also Act of August 24, 1953, P. L. 1344, sec. 20, 48 PS §1-20.

The third exception complains that our refusal to correct the false record created by petitioners beclouds "parentage of innocent third parties, viz, the children of the petitioners". The status of petitioners' child is not here involved. Petitioners are the legal parents

of children born of their marriage. If the birth record of the child requires correction, it may in this Commonwealth be done in accordance with Act No. 116, approved August 4, 1955, P. L. 302, 20 PS §2080.301(15), and the present proceeding may not be used as a substitute for the statutory remedy there provided.

We have reviewed and reconsidered our original opinion and have carefully considered the written brief filed and the oral argument of counsel, and we are of the opinion that the exceptions should be dismissed.